IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MELISSA CHECKOVAGE, JANA HERRERA, NELIA MCNEAL, §§§§§§§§§§§§§§ *Plaintiffs*, vs. BANDERA CENTRAL APPRAISAL DISTRICT, *Defendant*. | 5-20-CV-00529-OLG-RBF |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando Garcia:**

This Report and Recommendation concerns the Motion to Remand filed by Plaintiffs Melissa Checkovage, Jana Herrera, and Nelia McNeal. *See* Dkt. No. 5. All pretrial matters in this action have been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 10. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

As discussed further below, Plaintiffs' Motion, Dkt. No. 5, should be **GRANTED**, and this case should be **REMANDED** to the 198th Judicial District Court, Bandera County, Texas for lack of subject matter jurisdiction. Further, costs should be awarded to Plaintiffs for Defendant Bandera Central Appraisal District's unreasonable removal.

**Factual and Procedural Background**

Plaintiffs Melissa Checkovage, Jana Herrera, and Nelia McNeal initiated this action in Bandera County state court on March 18, 2020, complaining that their former employer—

Defendant Bandera Central Appraisal District— wrongfully terminated them in violation of state law. *See* Dkt. No. 1-2 (Orig. Pet.). Specifically, Plaintiffs Checkovage and McNeil contend that they were terminated after assisting the Bandera County River Authority Groundwater District investigate and file a complaint with the Texas Department of Licensing and Regulation against Bandera Central Appraisal District's Chief Appraiser Wendy Grams for fraud, abuse, and incompetence. According to Plaintiffs, once Grams learned of the complaint and the possibility that employees in her department were assisting with the investigation against her, "Grams began to focus on identifying and punishing the whistleblower(s)." *Id.* ¶ 6.

After identifying Checkovage and McNeil as the whistleblowers, Grams, according to the state court Petition, "began an open campaign of retaliation" against them, overriding Plaintiff and Bandera County's Deputy Chief Appraiser Jana Herrera's evaluations of Checkovage and McNeil and substantially and arbitrarily downgrading their performance scores. *See id.* ¶ 8. According to Plaintiffs, Grams' intervention in Checkovage and McNeil's performance evaluations, coupled with her admissions that she was looking for ways to discipline the whistleblowers that would not "violate any protected status," convinced Herrera that Grams was engaging in unlawful retaliation. *See id.* As Grams allegedly escalated her attacks against Checkovage and McNeil, Herrera became increasingly concerned and began to question Grams directly regarding her motives and course of conduct. *See id.* ¶¶ 9-11. Ultimately, Herrera expressed her concerns to the Chairman of the Board of Directors for the Bandera Central Appraisal District but never received a response. Instead, the Petition continues, Herrera's efforts drew the ire of Grams, who then accused Herrera of insubordination and ultimately terminated Herrera's employment "without any legitimate cause." *See id.* According to Herrera, her termination stemmed, "in whole or in part for refusing to participate in and support Ms. Grams'

campaign of illegal retaliation against Melissa [Checkovage] and Nelia [McNeil], and for attempting to bring her concerns to the attention of the Board of Directors." *Id.* ¶ 14.

Plaintiffs' Original Petition raises two state law claims. First, Plaintiffs contend that Bandera Central Appraisal District violated the Texas Whistleblower Act, Tex. Gov't Code § 554 by terminating them for reporting—in good faith—suspected violations of state law by another public employee (Grams) to an appropriate law enforcement authority. *See id*. ¶¶ 12-13. Second, Herrera brings a common law wrongful termination claim under *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). *See id.* ¶¶ 14-15. Recognizing, however, that Bandera Central Appraisal District might argue that governmental immunity applies to her *Sabine Pilot* claim, Herrera argues in her Petition that Grams' conduct was outside her official authority and that governmental immunity shouldn't bar an award of prospective equitable relief to vindicate her rights. *See id.* She therefore requests that the Court "award her all available relief based on her termination for trying to extricate herself from the illegal retaliatory campaign against the field appraisers, and for trying to bring the improper activity to the attention of the Chief Appraiser and Board of Directors." *Id.* Herrera claims in her Petition that:

> This is a good faith request for clarification and/or extension of existing law, a petition for redress that is within Jana's constitutional rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution (right to free speech, to petition for redress, due process, and equal protection), and the similar rights afforded by the Texas Constitution, including the right to open courts and a remedy by due course of law (Article I, §§ 8, 13, 19).

*Id.*

Seizing on Herrera's incidental reference to her constitutional rights, Bandera Central Appraisal District removed the case on April 29, 2020, citing the existence of a federal question. *See* Dkt. No. 1. According to the Notice of Removal, removal is proper because Plaintiffs "allege

the[ir] constitutional rights were violated under [the] First, Fifth, Fourteenth Amendments to the Constitution." *Id.* Plaintiffs now move to remand this action. *See* Dkt. No. 5.

## Analysis

*Remand Is Required.* There's no allegation here of diversity of citizenship between the parties. At issue here is whether Herrera's single reference to her constitutional rights to raise her state-law wrongful retaliation claim is sufficient to confer federal-question jurisdiction. *See* 28 U.S.C. §§ 1331; 1446(b). It is not. Remand to state court therefore is required.

"If an action brought in state court could have been brought in federal court originally, the defendant may remove the case to federal district court." *Quinn v. Guerrero*, 863 F.3d 353, 359 (5th Cir. 2017) (citing 28 U.S.C. § 1441). And 28 U.S.C. § 1331 grants district courts original jurisdiction over all "civil actions arising under the Constitution, laws, or treatise of the United States." Whether a claim arises under federal law is determined by the well-pleaded complaint rule. Pursuant to that rule, a federal question is presented only if a plaintiff pleads a federal cause of action or the plaintiff's right to relief under state law "requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 13 (1983). The burden of establishing federal jurisdiction in a removed case, rests with the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1165 (5th Cir. 1988). Bandera Central Appraisal District falls far short of carrying that burden here.

A review of Plaintiffs' Petition reveals that they only raise state-law claims. Although the Petition references Herrera's constitutional rights, the reference appears in the context of Herrera contending that she has a constitutional right to make a good faith argument for the clarification or extension of existing *state law*. Neither Herrera nor the other two Plaintiffs allege that

Bandera Central Appraisal District violated their constitutional rights, notwithstanding Bandera Central Appraisal District's allegations to the contrary in its Notice of Removal. This incidental reference constitutional rights doesn't convert any of Plaintiffs' purely state law claims into federal ones. *See, e.g.*, *Quinn*, 863 F.3d 353, 359 (incidental, vague, and ambiguous references to federal rights insufficient to create a federal question in case involving only state-law claims). Federal law isn't a necessary element of Plaintiffs' state law claims and no substantial federal question requires resolution as part of any state law claim here. *See Franchise Tax Bd.*, 463 U.S. at 13; *Brumfield v. City of Baker*, No. CIV.A. 11-507-BAJ-CN, 2011 WL 5178267, at *2 (M.D. La. Sept. 30, 2011*), report and recommendation adopted*, 2011 WL 5238720 (M.D. La. Oct. 31, 2011).[1] Accordingly, this case should be remanded.

*An Award of Costs and Expenses Is Appropriate*. Pursuant to 28 U.S.C. § 1447(c), the Court can order payment of just costs and any actual expenses, including reasonable attorney fees, incurred as a result of a removal lacking an objectively reasonable basis. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As discussed above, Plaintiffs' live pleading doesn't raise a federal cause of action, and there is no basis to believe from the claims and allegations that resolution of any substantial federal question would be necessary in this case. Plaintiffs never alleged that Bandera Central Appraisal District violated their federal constitutional rights; they alleged instead that they were within their federal rights to sue under state law. Accordingly, there was no objectively reasonable basis for the removal. This finding—coupled with the fact that Bandera Central Appraisal District represented in its Notice of Removal that "it will pay all court costs and debts incurred by reason of this removal proceeding

---

[1] *See also Halfmann v. USAG Ins. Servs., Inc.*, 118 F. Supp. 2d 714, 721 (N.D. Tex. 2000) ("[I]ncidental federal issues are not sufficient. Removal cannot be based simply on the fact that federal law may be referred to in some context in the case.").

should the Court determine that this action is not removable or is improperly removed," Dkt. No. 1-1 at 2—renders an award of costs and expenses appropriate.

If Plaintiffs seek recovery of their costs and expenses, then Plaintiffs should file a motion—citing this Report and Recommendation—and request an award of costs and expenses be included in the District Court's Order addressing this Report and Recommendation. Any such motion should provide sufficient evidentiary and legal support for any requested sum. Given that a ruling from the District court adopting this Report and Recommendation will result in the case's swift return to state court, any such motion should be filed with the District Court *before* the District Court rules on this Report and Recommendation and any objections to it. The parties are also free to resolve this issue by agreement.

## Conclusion and Recommendation

For the reasons discussed above, it is recommended that Plaintiffs' Motion, Dkt. No. 5, should be **GRANTED** and this case should be **REMANDED** to the 198th Judicial District Court, Bandera County, Texas for lack of subject matter jurisdiction. It is further recommended that Bandera County be directed to pay all costs and any actual expenses, including reasonable attorney fees, incurred as a result of Bandera County's removal.

Bandera County is reminded, as discussed more fully below, of its right to object to this Report and Recommendation to the District Court, given that a District Court Order adopting this Report and Recommendation will not be reviewable on appeal. *See* 28 U.S.C. § 1447(d).

## Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt

requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

   **IT IS SO ORDERED**.

   SIGNED this 7th day of January, 2021.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE